Mullin, J.
Before the Code, an appeal from the decision of a Surrogate in a proceeding to settle the account of a guardian, belonged to the Court of Chancery (2 Statutes at Large, 158, § 13). And the costs, when allowed, were the taxable costs given in cases of appeal in Chancery (2 Id., 642, § 35).
By the Judiciary Act the powers of the Chancellor and of the Court of Chancery were transferred to and vested in the Supreme Court as organized by that Act (4 Statutes at Large, 559, § 14). The General Term has, since the Judiciary Act became a law, heard and decided appeals from the decisions of surrogates.
The Code prior to 1862 expressly excluded appeals from the decisions of surrogates from the provisions of the 2nd part of that statute (Code, § 471). It followed that while appeals were still allowed under this provision of the Revised Statutes from the decrees of surrogates, the costs given by the Code could not be recovered, and must have been taxed under the fee bill applicable to suits in chancery in force when the Code took effect.
In 1862, §§ 318 and 471 of the Code of Procedure were amended. In the first were inserted the words “ including appeals from surrogates’ courts,” so that these appeals were, as to costs, put on the same footing with appeals in proceedings to review the decisions of inferior courts in special proceedings, and thereafter, such proceedings, including appeals from surrogates’ courts, for all purposes of costs, were to be deemed actions at issue on a question of law, from the time the same shall be brought in the Supreme Court, and costs are to be awarded and collected in such manner as the Court shall direct, according to the nature of the case. The amendment of § 318 made it necessary to modify § 471, and it was accordingly amended by inserting after the clause excluding appeals from surrogates’ courts from the operation of the second part of the Code these words—“Except that the costs on such appeal shall ha legulated and allowed in the manner provided in § 318.”
*42 Without stopping to inquire whether the right to costs is absolute, or whether it rests in the discretion of the Court, it is quite clear that it was not the intention to give the costs allowed by § 307 to the successful party on an appeal in an action in the Supreme Court.
If it had been the intention to give such costs, it was only necessary to provide that the appeal from the decision of a surrogate should be deemed to be an appeal in an action, or to declare that the successful party should recover the costs prescribed in § 307. So far from this, such appeals are put on the same footing of appeals from orders in special proceedings, and it is quite certain that it was never the intention to give on such appeals the costs given by § 307 on appeals in actions in the Supreme Court.
The costs given by that section would,, in many cases of appeals in special proceedings, be more than the whole value of the subject matter of the litigation. By prescribing a measure of costs which may be recovered in these proceedings, the legislature has manifestly excluded every other measure. That measure is one which is clearly defined, and of easy application.
The section declares that for the purposes of costs, such proceedings and appeals shall be deemed actions at issue on a question of law from the time the same shall be brought into the Supreme Court. Unless these words were intended to give the costs in such an issue in the cases enumerated, they are wholly unnecessary. If the intention was to give the costs provided for by § 307, it was not necessary to allude to the nature of the issue. The sense was only rendered obscure by such a reference.
I am therefore constrained to hold that the attorney for the guardian can only recover the costs given by the Code in an ac- • tion in which there is an issue of law.
The counsel for the guardian insists that the reference in § 318 to an issue of law, is made to indicate that the questions thereafter to be mooted are questions of law and not of fact. But it seems to me that this mode of conducting the proceedings after the appeal to the Supreme Court prescribed by Buie 44, contemplates a review of the disputed items of an account as well on the facts as the law. And in practice the contest on the appeal is more frequently in regard to the correctness of the finding of the surrogate on the facts, than on his mistakes in applying the law.
*43 I have not considered the question whether the counsel for the guardian is or not entitled to the costs given in actions where there has been a demurrer interposed, as no such question was presented to the taxing officer. The question is one worthy of consideration.
I must affirm the taxation, but without costs, as the question is, so far as I can find, entirely new.